**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMMA OLSON,
<u>Plaintiff-Appellant,</u>

v.

LARGO-SPRINGHILL LIMITED
PARTNERSHIP, d/b/a Petrie-Dierman
and Partners, Management

Company, Incorporated, d/b/a
Petrie-Dierman, Kughn, d/b/a Petrie-
Dierman and Partners, Incorporated,
d/b/a Petrie-Dierman Development
Company, Incorporated, Owner of
Largo Town Center,
<u>Defendant-Appellee.</u>

No. 95-1716

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
M. J. Garbis, District Judge.
(CA-93-3808-MJG)

Argued: February 1, 1996

Decided: March 11, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and STAMP, United States District Judge for the Northern District
of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Harley Bear, MAXWELL & BEAR, L.L.C., Rockville, Maryland, for Appellant. Timothy Edward Howie, DECARO, DORAN, SICILIANO, GALLAGHER, SONNTAG & DEBLASIS, Lanham, Maryland, for Appellee. **ON BRIEF:** Christopher R. Dunn, DECARO, DORAN, SICILIANO, GALLAGHER, SONNTAG & DEBLASIS, Lanham, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emma Olson appeals the district court's grant of summary judgment to appellee Largo-Springhill Limited Partnership on the ground that Olson failed to present sufficient evidence that she was denied the opportunity to lease retail space on account of her race. We affirm.

I.

In June of 1991, Emma Olson sought to lease retail space for her jewelry store at the Largo Town Center, a shopping center in Largo, Maryland. Olson submitted a standard lease package to Largo-Springhill, the landlord of the shopping center; this package contained a financial statement, a business plan, and photographs of Olson's existing jewelry store in Washington, D.C. Citing a lack of financial qualifications, however, Largo-Springhill declined to rent to Olson. Olson then brought this action alleging racial discrimination under 42 U.S.C. §§ 1981 and 1982. The district court granted summary judgment to Largo-Springhill. Olson now appeals.

2

II.

Olson alleges that Largo-Springhill refused to lease to her because of her race, thus violating §§ 1981 and 1982. Runyon v. McCrary, 427 U.S. 160 (1976); Jones v. Alfred H. Mayer Co. , 392 U.S. 409 (1968). The district court found, however, that Olson "failed to provide any substantive evidence that Defendant's decision not to lease retail space in the Largo Town Center was motivated by race." In fact, the evidence tended to show that Largo-Springhill's leasing agent did not even know Olson's race at the time she decided against leasing to Olson. It is true that a picture of Olson in her Washington, D.C. store was included in the leasing package. But Largo-Springhill's agent had no reason to suppose that the woman depicted in the picture was Olson; she was not identified in the picture and it was submitted, along with several others, in response to a request for photographs of Olson's existing business location, not a request for a picture of Olson. Under such circumstances, it could hardly be said that Largo-Springhill acted on account of Olson's race.

Olson responds that the high vacancy rate in the shopping center and the comparatively rigorous financial scrutiny her business received should be sufficient to raise an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). But, not-withstanding its vacancy rate, Largo-Springhill retains the right to reject a lease applicant based on financial concerns. Any inference of discriminatory leasing practices was severely undermined by the busi-nesses at the shopping center: the district court noted that seventy-seven percent of retail spaces were leased to businesses owned or operated by minority individuals, and over half were leased to black-owned or operated businesses. The district court also observed that any difference in treatment between Olson's business and another jewelry store was justified on non-discriminatory grounds. The other jewelry store was a large, regionally known chain and Largo-Springhill immediately ceased its negotiations with that chain upon learning of its financial difficulties.

Moreover, regardless of any inference of discrimination, the district court credited Largo-Springhill with numerous non-discriminatory reasons for its decision, including insufficient capital for Olson's start-up costs and monthly expenses, questionable profitability of

3

Olson's existing store, little apparent name recognition for that store in the Largo area, and concern that few of her existing customers would travel to Olson's new location in Largo. In short, the evidence showed that Largo-Springhill's decision was based on factors other than race. Madison v. Jeffers, 494 F.2d 114, 116-17 (4th Cir. 1974).

III.

We thus find no reason to disturb the judgment of the district court. We affirm for the reasons stated by the district court in its careful opinion.

AFFIRMED

4